Russell **BOAZ,** Plaintiff-Appellant-Cross Appellee,

v.

**MARINE COMPANY OF FLORIDA, INC.,** Defendant-Appellee-Cross Appellant.

No. 27867.

United States Court of Appeals, Fifth Circuit.

March 30, 1970.

* Of the Southern District of New York, sitting by designation.

of the loss was the inadequacy of the temporary repairs made to the yacht at Cozumel, Mexico, prior to the tow. The court also concluded that defendant, under the agreement, was not to be paid the balance due on the towing contract absent successful completion of the tow. Judgment was accordingly entered in favor of the defendant on the main claim, and in favor of plaintiff on the counterclaim.

This is a fact case. The facts of record amply support the findings and conclusions entered by the district court. There the matter ends under the clearly erroneous rule. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

Affirmed.

---

William Lewis, Jr., Smathers & Thompson, Miami, Fla., for appellant-appellee.

Frank J. Marston, Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., for appellee-appellant.

Before PHILLIPS*, BELL, and SIMPSON, Circuit Judges.

PER CURIAM:

Suit was commenced by plaintiff Boaz against defendant Marine Company to recover damages resulting from the loss of plaintiff's sailing yacht while being towed from Cozumel, Mexico to Fort Lauderdale, Florida by defendant. The complaint was premised on the alleged negligence of the defendant. Defendant counterclaimed for $3,000.00 which it alleged was the balance due on the agreed consideration for the tow.

The district court concluded, after a non-jury trial, that the proximate cause

---

* Of the Tenth Circuit, sitting by designation.